### No. 8867.
### Orleans Appeal.

## TREMONT LUMBER CO. v. ROBINSON LUMBER CO., Appellant.

(April 27, 1925, Opinion and Decree.)
(May 25, 1925, Rehearing Refused.)
(January 4, 1926, Judgment Court of Appeal Set Aside and Judgment of District Court Reinstated. 160 La. —, 107 South. 101.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Sales—Par. 58, 120; Obligations—Par. 145.**
   A lumber mill which has made a contract with another mill to cut and deliver "promptly" a certain quantity of lumber to a third party for urgent purposes, known to the first mill, cannot recover from the other mill the price of the lumber tendered 90 days after the contract when the third party refuses to accept the lumber or pay the price owing to the delay.

Appeal from Civil District Court, Hon. Hugh C. Cage, Judge.

This is a suit for the price of lumber.

There was judgment in favor of plaintiff for the amount claimed and dismissing defendant's reconventional demand. The defendant appealed.

Judgment reversed and case remanded.

Stubbs, Theus, Gisham & Thompson, of Monroe; Hall, Monroe · & Lemann, Walter H. Suthon, Jr., of New Orleans, attorneys for plaintiff and appellee.

Miller, Miller & Fletchinger, of New Orleans, attorneys for defendant and appellant.

CLAIBORNE, J. This is a suit for the price of lumber.

The plaintiff alleges that on August 2, 1918, it entered into written contract with the defendant company to sell to it for shipment to Loring Swasey, Superintending Contractor, U. S. N., Port Ewen, N. Y., certain pine lumber for the price of $100 a thousand, f.o.b. mill; that in accordance with said contract the plaintiff, on November 6, 1918, shipped from its mill at Rochelle, La., one carload of lumber to the consignee, the value thereof being $1,481.70, which it claims from the defendant.

The defendants admitted the contract but denied that the shipment was in accordance with contract; they averred that the lumber was a rush order intended for the construction of submarine chasers for the U. S. Navy; that the contract provided this order to be shipped promptly and that the bill of lading should be marked "Urgent, National Necessity, Rush"; that the plaintiff was aware of those facts and that he was notified that unless the shipment could be made within thirty days that it should not accept the order; that on October 14, 1918, the plaintiff notified the defendant that it was shipping lumber in car designated as Rock Island 61,918; that defendants at once communicated this information to the consignee; that defendants and the consignee subsequently ascertained that they had been misinformed by the plaintiff,

and that no such car had been shipped; that the consignee immediately cancelled the order owing ·to the delay and misrepresentation and refused to accept the car subsequently shipped by the plantiff; that if the plaintiff had performed their contract defendants would have made a profit of $24 per 1,000 feet of lumber, or $900.05, ·which the plaintiff owes them and which they claim in reconvention.

There was judgment in favor of plaintiff for the amount claimed and dismissing defendant's reconventional demand.

The defendants have appealed.

The evidence fully establishes the allegations of the answer and such was the opinion of the District Judge. But the learned Judge reluctantly based his opinion upon a letter dated November 5th, addressed by the defendant to the plaintiff in these words:

"It is now 90 days and not a car has moved, though you wired us on the 14th of October giving us car number, which we communicated to the consignee. There is only one thing that will possibly let us out of this and that is the immediate shipment of the entire order, and we are going to confidently expect your advice that this has been done within the ˙next few days."

Unfortunately before this letter reached its destination, the Hiltebrandt Dry Dock Co. of N. Y., with whom the defendant had the contract to ship the lumber, could wait no longer, and on November 6th wired to the defendant that they canceled the order. Thereupon the defendants wrote to plaintiffs: "We will therefore, be forced to cancel with you." The Judge of the lower court was of the opinion that the letter of November 5th was a further extension granted to the plaintiff which precluded the defendant from canceling their contract at once without waiting for "the next few days". Under the circumstances of this case, we would have agreed with the judge had the plaintiff and the defendant been alone involved in the transaction. But to

the knowledge of the plaintiff, the defendant had a contract with the consignee in New York who was equally. interested. He was no party to the last extension relied on, and relying upon what he considered his rights, he cancelled his contract. Plaintiff was the cause of it. He cannot now take advantage of his own wrongg to saddle the consequences of his fault upon the defendant. In other words, it would be inequitable for the plaintiff to recover from the defendant the price of the lumber which he knows the defendant cannot recover from the consignee owing to plaintiff's fault. When the plaintiff became aware that the consignee would not receive the lumber he should have taken steps to minimize his loss.

It follows from the above that the defendants are entitled to a judgment upon their reconventional demand. But the proof upon that subject is not sufficiently certain. All we see is that the defendant bought this lumber for $100 per M. "rough" f. o. b. Rochelle, La., and that they resold it "dressed" at $140 per M. f. o. b. Port Ewen, N. Y. But we have not been able to ascertain how many thousands of feet were in the order, nor the cost of freight from Rochelle to Port Ewen, nor the cost of dressing, nor other items of expense which would diminish the credit.

It is therefore ordered that the judgment herein be reversed and set aside, and it is now ordered that there be judgment in favor of the defendants rejecting plaintiffs' demand at their cost.

It is further ordered that the judgment in favor of the plaintiff rejecting defendants' reconventional demand be reversed and set aside, and that this case be remanded for further trial for the purpose of establishing with legal certainty the amount of defendants' loss in accordance with law and the views hereinabove expressed.

The plaintiffs to pay all costs up to this date.